IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARY F. LACEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.07-0381-CV-W-FJG |
| | ) |
| VILLAGE GREEN APARTMENTS, et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the court are motions to dismiss from the Housing Authority of Kansas City, Missouri (HAKC) (Doc. No. 7), and Village Green Apartments and Cohen-Esrey Real Estate Services (Doc. No. 11). All defendants seek dismissal under Federal Rule of Civil Procedure 12.

As a threshold matter, this court has jurisdiction under 28 U.S.C. § 1331 because plaintiff alleges violation of federal statutes. Further, to the extent plaintiff asserts state law claims, this court exercises supplemental jurisdiction under 28 U.S.C. § 1367.

Rule 12(b)(6) is dispositive in this case. "In assessing a motion under Rule 12(b)(6), a court should afford a *pro se* complaint a liberal construction and should not dismiss the complaint unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Holloway v. Lockhart*, 792 F.2d 760, 761 (8th Cir. 1986) (internal citations and quotation marks omitted). "Under Rule 12(b), if, on a motion to dismiss a party submits to the court material outside the motion, and the court does not exclude this material, the motion then becomes a motion for summary judgment under Rule 56." *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir 2000). If, however, the submitted materials "do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion." *Levy*

*v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986)). Although conversion to a motion for summary judgment requires notice and opportunity to respond, where both the movant and non-movant submit extrinsic evidence, there is constructive notice. *Country Club Estates*, 213 F.3d at 1005; *Angel v. Williams*, 12 F.3d 786, 788 (8th Cir. 1993); *see Blair v. Wills*, 420 F3d 823, 827 (8th Cir. 2005) (stating "notice to the nonmoving party – whether actual or constructive – is typically required").

In the present complaint, plaintiff asserts that from 1999 through 2002, she and her children were exposed to lead-based paint in violation of governmental standards. Plaintiff's federal claims fall under the Residential Lead-Based Paint Hazard Reduction Act (RLBPHRA), 42 U.S.C. § 4851, *et seq.*, or the Lead-Based Paint Poisoning Prevention Act (LBPPPA), 42 U.S.C. §§ 4821-46. Although it is unclear whether plaintiff also is asserting state-law claims, such claims are not germane to the court's present determination.

First, HAKC moves for dismissal, *inter alia*, because the federal statute of limitations has expired. The RLBPHRA was enacted in 1992. Additionally, although enacted in the 1970's, the LBPPPA, in pertinent part, requires governmental entities, beginning on January 1, 1995, to "provide for appropriate measures to conduct risk assessments, inspections, interim controls, and abatement of lead-based paint hazards." 42 U.S.C. § 4822(a)(1).

The federal statute of limitations for "a civil action arising under an Act of Congress enacted after the date of the enactment of . . . [28 U.S.C. § 1658 is] 4 years after the cause of action accrues." 28 U.S.C. § 1658. Because § 1658 was enacted in 1990, it governs plaintiff's claims which are based on congressional acts taken in 1992 and 1995. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 379-81 (2004) (finding congressional acts governed by § 1658 in amendments to existing

statutes). Therefore, plaintiff's federal claims against the HAKC are barred by the applicable statute of limitations and dismissed with prejudice under Rule 12(b)(6). Further, the court declines to extend supplemental jurisdiction to plaintiff's state law claims against HAKC, if any, and such state law claims are dismissed without prejudice. *See Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248-49 (8th Cir 2006) (discussing exercise of supplemental jurisdiction).

Next, Village Green Apartments and Cohen-Esrey Real Estate Services seek dismissal, *inter alia*, because this case is subject to a settlement and release agreement. Both defendants and plaintiff submitted materials outside the pleading in support of and in resistance to the motion to dismiss. The court, therefore, will treat the motion as one for summary judgment under Rule 56. *See Van Leeuwen v. U.S. Postal Serv.*, 628 F.2d 1093, 1098 (8th Cir. 1980) (finding appropriate notice and opportunity where non-movant, along with other parties, submitted materials outside the pleadings); *see also Country Club Estates*, 213 F.3d at 1005; *Angel*, 12 F.3d at 788 (same). "Summary judgment is appropriate when the evidence and reasonable inferences, viewed in the light most favorable to the non-moving party, show no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Huber v. Wal-Mart Stores, Inc.*, 486 F.3d 480, 482 (8th Cir 2007).

In September 2005, plaintiff, Village Green, and Cohen-Esrey entered into an agreement wherein plaintiff received monetary consideration for "fully, finally, and completely releas[ing]Cohen Esrey and Village Green . . . from any claim or cause of action of any kind or nature whatsoever." The agreement memorialized "the parties' intention that this shall be a general release given by Lacey in favor of the Defendants in as broad a form as possible." Plaintiff released all claims, "whether or not such claim or cause of action is known, knowable, . . . accrued or

-3-

Case 4:07-cv-00381-FJG   Document 22   Filed 09/18/07   Page 3 of 4

unaccrued in law or in equity . . . from the beginning of the world to the date hereof."

In analyzing the agreement, "[b]asic principles of contract formation govern the existence and enforcement of the alleged settlement." *Chaganti & Assocs. v. Nowotny*, 470 F.3d. 1215, 1221 (8th Cir. 2006). Although, the agreement at issue does not contain a choice-of-law provision, Missouri law governs the release. *See Ameristar Jet Charter, Inc. v. Dodson Int'l Parts, Inc.*, 155 S.W.3d 50, 58 (Mo. 2005) (en banc) (stating that "Missouri follows the 'most significant relationship' test"); *Dillard v. Shaughnessy, Fickel & Scott Architects, Inc.*, 943 S.W.2d 711, (Mo. Ct. App. 1997) (discussing significant contacts under the test); *see also Chaganti*, 470 F.3d. at 1221 (analyzing Missouri law and discussing the essential elements of a valid settlement agreement).

Because plaintiff released all claims prior to 2005 against Village Green and Cohen-Esrey and because her present complaint asserts alleged acts taken in 1999-2002, she is barred from maintaining the present suit. Therefore, plaintiff's complaint as it concerns Village Green and Cohen-Esrey is dismissed with prejudice pursuant to Rule 56.

Consequently, (1) plaintiff's federal claims against the HAKC are dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6); (2) the court declines to extend supplemental jurisdiction to plaintiff's state law claims against HAKC, if any, and such state law claims are dismissed without prejudice; (3) plaintiff's complaint as it concerns Village Green and Cohen-Esrey is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 56.

**IT IS SO ORDERED.**

Date: 9/18/07　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge